IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **LATOYA FERGUSON, individually and on behalf of all others similarly situated,**<br><br>                     **Plaintiffs,**<br>v.<br><br>**BURTON CLAIM SERVICE, INC., and SEIBELS CLAIMS SOLUTIONS, INC.,**<br><br>                     **Defendants.** | Case No: 3:21-cv-00580-SAL<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Latoya Ferguson, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.  Latoya Ferguson was employed by Defendants Burton Claim Service, Inc. ("Burton") and Seibels Claims Solutions, Inc. ("Seibels") as an insurance claims adjuster in Seibels' offices in Columbia, South Carolina, along with other insurance claims adjusters. Ferguson and the other insurance claims adjusters regularly worked in excess of 40 hours in a week. Despite the long hours, Defendants did not pay Ferguson or the other insurance claims adjusters overtime wages. Instead, Defendants told Ferguson and the other insurance claims adjusters that they were independent contractors. Based on that misrepresentation, Defendants told Ferguson and the other insurance claims adjusters that they would be paid a "day rate" for each day they worked, *i.e.*, a set rate of pay per day regardless of the hours worked. In reality,

1

Defendants did not pay them a day rate. Instead, Defendants made deductions to the day rate if the adjusters worked fewer than their scheduled hours. When the adjusters worked more than the scheduled hours, Defendants did not pay them for the additional time.

2. This case seeks to compel Defendants to pay Ferguson and a class of similarly situated employees all the overtime wages they earned.

3. By the conduct described in this Collective Action Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA") by failing to pay their employees proper overtime compensation. These violations arose out of Defendants' company-wide policies and patterns or practices.

4. Ferguson brings claims for unpaid overtime wages on her own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b). This group, as defined in paragraph 21, is referred to as the "FLSA Collective."

## THE PARTIES

*Plaintiffs*

5. Plaintiff Ferguson's written consent to be a party to this action Is being filed contemporaneously.

6. Ferguson currently resides in Grand Prairie, Texas.

7. Ferguson was employed by Defendants as an insurance claims adjuster at Defendant Seibels' offices in Columbia, South Carolina for approximately two weeks in September 2018, and from approximately October 31, 2018 to December 4, 2019.

8. Pursuant to Defendants' policy and pattern or practice, Ferguson was regularly scheduled to work more than 40 hours in a week, and she regularly worked more than 40 hours

per week for Defendants' benefit without overtime compensation.

*The Defendants*

9. Defendant Burton Claim Service, Inc. is a for-profit Florida corporation that provides insurance claims adjustment services to companies such as Seibels.

10. Burton has offices located at 3333 W. Commercial Blvd., Suite 210, Fort Lauderdale, FL 33309.

11. Burton acted as an employer of Ferguson until approximately December 2019, and it acted and continued to act as an employer of the FLSA Collective within the meaning of 29 U.S.C. § 203(d).

12. Defendant Seibels Claims Solutions, Inc., is a for-profit South Carolina corporation with offices at 1501 Lady Street, Columbia, SC 29201.

13. Seibels acted as an employer of Ferguson until approximately December 2019, and it acted and continued to act as an employer of the FLSA Collective within the meaning of 29 U.S.C. § 203(d).

14. Upon information and belief, each Defendant grossed more than $500,000 in each of the past three fiscal years.

15. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

17. In addition, the Court has jurisdiction over these claims under the FLSA pursuant to 29 U.S.C. § 216(b).

18. Defendants are subject to personal jurisdiction in South Carolina pursuant to SC

Code Ann. §§ 36-2-802 and 36-2-803, in that:

    a. Burton does business in South Carolina; employs or has employed individuals in South Carolina, including Ferguson and the members of the FLSA Collective; and contracts to supply services in South Carolina, all of which are the subject of this action;

    b. Seibels is incorporated under the laws of South Carolina; maintains its principal place of business in South Carolina; does business in South Carolina; and employs or has employed individuals in South Carolina, including Ferguson and the members of the FLSA Collective.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events, acts, or omissions giving rise to the claim occurred in this District and Defendants are subject to personal jurisdiction here.

## COLLECTIVE ACTION ALLEGATIONS

21. Ferguson brings FLSA overtime claims on behalf of herself and all similarly situated persons:

> who worked for Burton Claim Service, Inc. and Seibels Claims Solutions, Inc. in South Carolina as insurance claims adjusters and who were classified as independent contractors and not paid overtime wages for hours worked more than 40 in a week at any time between three years prior to the filing of this action and the date of final judgment in this matter (the "FLSA Collective").

22. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Ferguson and the FLSA Collective. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA

4

who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

23. Ferguson and the FLSA Collective are insurance claims adjusters.

24. Defendants' business is to provide insurance claims adjusting services to insurance companies.

25. Defendants hired Ferguson and the FLSA Collective to provide insurance claims adjusting services to insurance companies.

26. The insurance claims adjustment work that Ferguson and the FLSA Collective performed is an integral part of Defendants' business.

27. Defendants misclassified Ferguson and the FLSA Collective as independent contractors.

28. Ferguson and the FLSA Collective were employees of Defendants.

29. Seibels employed other insurance claims adjusters who Seibels classified as employees.

30. Ferguson and the FLSA Collective performed the same claims adjusting work as Seibels' employee insurance claims adjusters.

31. Ferguson and the FLSA Collective performed their claims adjusting work for the same insurance companies as Seibels' employee insurance claims adjusters.

32. Ferguson and the FLSA Collective performed their work at Seibels' offices in South Carolina.

33. Defendants had the authority to hire and fire Ferguson and the FLSA Collective.

34. Defendants had the authority to discipline Ferguson and the FLSA Collective.

35. Defendants set the human resources policies that Ferguson and the FLSA Collective were required to follow.

36. Defendants maintained employment records for Ferguson and the FLSA Collective.

37. Seibels trained Ferguson and the FLSA Collective in how to perform their work.

38. Seibels provided Ferguson and the FLSA Collective with the workspace and all the work tools necessary to perform their work, including computers, software, phones, e-mail accounts, and desks.

39. Seibels provided Ferguson and the FLSA Collective with company letterhead, phone lines, and email accounts.

40. Seibels actively directed the work of Ferguson and the FLSA Collective.

41. Seibels actively supervised the work of Ferguson and the FLSA Collective.

42. Seibels closely monitored the work of Ferguson and the FLSA Collective.

43. Defendants scheduled the days and hours that Ferguson and the FLSA Collective worked.

44. Defendants required Ferguson and the FLSA Collective to record when they arrived at work, took breaks, and when they left work.

45. Defendants required Ferguson and the FLSA Collective to report the hours they worked.

46. Defendants set the rate of compensation that Ferguson and the FLSA Collective received.

47. The compensation Defendants paid Ferguson and the FLSA Collective did not vary

based on the quality of their work.

48. Ferguson and the FLSA Collective were compensated based on the hours they worked.

49. Ferguson and the FLSA Collective could not affect their rate of compensation other than to work more hours and/or days.

50. Ferguson and the FLSA Collective were required to personally perform the work Defendants assigned, and they could not hire others to do it.

51. While working for Defendants, Ferguson and the FLSA Collective could not provide insurance claims services to insurance companies other than those assigned by Defendants.

52. Defendants did not pay Ferguson and the FLSA Collective for any day that they did not work, regardless of the reason.

53. Defendants did not pay Ferguson and the FLSA Collective the day rate for each day that they worked.

54. Defendants reduced the day rate they paid Ferguson and the FLSA Collective if they worked less than their full schedule of hours.

55. Defendants reduced the day rate they paid Ferguson and the FLSA Collective for partial workdays based on the number of hours they worked that day.

56. Defendants did not pay Ferguson and the FLSA Collective additional pay when they worked beyond their scheduled hours.

57. Before approximately November 2019, Ferguson and the FLSA Collective were regularly scheduled to and did, in fact, work more than 10 hours per day.

58. In approximately November 2019, Ferguson and the FLSA Collective were regularly scheduled to and did, in fact, work 8 hours per day, for approximately five days a week.

They also worked additional days on weekends.

59. Defendants did not pay Ferguson and the FLSA Collective for all hours they worked.

60. Defendants regularly scheduled Ferguson and the FLSA Collective to work more than 40 hours in a week and they did, in fact, work regularly more than 40 hours a week.

61. Defendants did not pay Ferguson and the FLSA Collective an overtime premium when they worked more than 40 hours in a week.

62. Upon information and belief, it was Defendants' willful policy and pattern or practice to deduct wages from the day rate they paid Ferguson and the FLSA Collective.

63. Upon information and belief, it was Defendants' willful policy and pattern or practice not to pay Ferguson and the FLSA Collective for all the hours they worked.

64. Upon information and belief, it was Defendants' willful policy and pattern or practice not to pay its employees, including Ferguson and the FLSA Collective, an overtime premium for work that exceeded 40 hours in a week.

65. Defendants' unlawful conduct, as set forth in this Collective Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Ferguson and the FLSA Collective.

66. Defendants were aware or should have been aware that Ferguson and the FLSA Collective were employees under federal law.

67. Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Ferguson and the FLSA Collective, overtime wages when they worked more than 40 hours in a week. Upon information and belief, Defendants applied the same unlawful policies and practices to Ferguson and the FLSA Collective.

8

**CAUSE OF ACTION**
**Fair Labor Standards Act: Overtime Wages**
**On behalf of Ferguson and the FLSA Collective**

68. Ferguson re-alleges and incorporates by reference the allegations in ¶¶ 1-67.

69. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

70. During the three years preceding the filing of this action, Ferguson and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Ferguson and the FLSA Collective.

73. At all times relevant, Ferguson and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

74. Defendants employed Ferguson and the FLSA Collective as employees.

75. Defendants failed to pay Ferguson and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

76. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

77. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78. As a result of Defendants' violations of the FLSA, Ferguson and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA

9

in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ferguson, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Ferguson be allowed to give notice of this collective action and that Defendants provide Ferguson with names, addresses, telephone numbers, and other contact information for purposes of issuing notice to the FLSA Collective described in this Collective Action Complaint. Such notice shall inform members of the FLSA Collective that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages; and

B. Defendants pay Ferguson and the FLSA Collective the unpaid wages, an additional and equal amount as liquidated damages, interest, attorneys' fees, costs (including expert fees), and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ferguson demands a trial by jury on all questions of fact raised by this Collective and Action Complaint.

Dated:  February 26, 2021

        Respectfully submitted,

        *s/ Blaney A. Coskrey, III*
        Blaney A. Coskrey, III (Fed. ID No. 05421)
        Coskrey Law Office
        1201 Main Street, Suite 1980
        Columbia, SC 29201
        Telephone: (803) 748-1202
        Fax: (803) 748-1302
        coskrey@coskreylaw.com

        **Local Counsel for Plaintiffs**
        **and the FLSA Collective**

        and

        Matt Dunn (*Pro Hac Vice application to be filed*)
        Rebecca King (*Pro Hac Vice application to be filed*)
        **GETMAN, SWEENEY& DUNN, PLLC**
        260 Fair Street
        Kingston, New York 12401
        Telephone: (845) 255-9370
        Fax (845) 255-8649
        mdunn@getmansweeney.com
        rking@getmansweeney.com


        **Attorneys for Plaintiffs**
        **and the FLSA Collective**