UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Latoya Ferguson, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. 3:21-cv-00580-SAL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | **Order** |
| Burton Claim Service, Inc. and Seibels Claims Solutions, Inc., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the parties' joint motion for settlement approval, ECF

No. 103.  For the reasons below, the court grants the motion.

## BACKGROUND

Plaintiff Latoya Ferguson, on behalf of herself and all others similarly situated (together,

"Plaintiffs"), allege they worked for Burton and Seibels as insurance claims adjusters.  [ECF No.

1 ¶ 1.]  According to Plaintiffs, Burton and Seibels misclassified them as independent contractors

when they were employees.  *Id.* ¶¶ 1, 27, 28.  Plaintiffs also allege they regularly worked more

than 40 hours in a week—and that Burton and Seibels regularly scheduled them to do so—but

did not receive overtime at a rate of one and one-half their regular hourly rate for any overtime

hours they worked in a week.  *Id.*  ¶¶ 60–61.  Instead, Burton and Seibels paid Plaintiffs by the

hour and deducted their pay if they worked fewer than their scheduled hours.  *Id.* ¶¶ 53–54.  And

Plaintiffs allege Burton and Seibels did not pay them for *any* additional time when they worked

more than their scheduled hours.  *Id.* ¶ 56.

Plaintiffs sued Burton and Seibels on February 26, 2021, alleging they violated the

FLSA's overtime provisions.  [ECF No. 1.]  Burton and Seibels deny all allegations.  [ECF Nos.

22, 24.]  The parties litigated the case for around two years, during which time they engaged in discovery, motions practice, conditional certification briefing, and participated in negotiations to try to resolve their claims.  [ECF No. 103-1 at 8–10.]  The parties ultimately resolved Plaintiffs' claims and moved the court for approval of their settlement.  *Id.* at 10–11.

## LEGAL STANDARD

Because this settlement involves an FLSA claim, this court is charged with the responsibility of scrutinizing it for fairness.  *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").  The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

## DISCUSSION

Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable.  *See, e.g.*, *Corominas v. ACI Holdings, LLC*, No. 2:15-cv-4372, 2016 WL 10520235 (D.S.C. Oct. 27, 2016); *Dominguez Arteaga v. Ecofoam Insulation & Coating of Charleston, LLC*, No. 9:18-cv-2147, 2019 WL 6057428 (D.S.C Jan. 25, 2019). So, to

determine whether to approve the proposed settlement, we consider (1) whether the award reflects a reasonable compromise over the issues in dispute; and (2) whether the proposed award of attorneys' fees and costs is reasonable. *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016).

A bona fide dispute exists here. Plaintiffs allege Defendants misclassified them as independent contractors and failed to pay them overtime compensation in violation of the FLSA. [ECF No. 1.] Burton and Seibels deny these allegations. [ECF Nos. 22, 24.]

Turning to the fairness and reasonableness of the settlement, the court considers six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Irvine*, 204 F. Supp. 3d at 849 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). Each of these factors is met in this case.

First, as outlined in the motion, the parties have exchanged documents and information relating to the merits of this case and the potential damages incurred. [ECF No. 103-1 at 4–5.] Second, the parties represent they "have conducted sufficient discovery and motion practice to fully evaluate the relative strength of the claims and defenses and reach a settlement." *Id*. at 11. As to the third factor, the court presumes the absence of fraud or collusion unless there is some contrary evidence. *Irvine*, 204 F. Supp. 3d at 850. There is no controversy here. Fourth, Plaintiffs' attorneys are experienced employment attorneys who have litigated many other FLSA

3

matters and whose practice focuses on wage-and-hours cases and employment disputes. [ECF No. 103-1at 15–17.] This factor is thus satisfied.

As to the fifth factor, Plaintiffs' counsel strongly approves of this settlement. *Id*. at 17–18. And Ferguson and *all* settling Plaintiffs are pleased with the settlement and eager to resolve this case. *Id*. at 18–19. After the parties fully executed the settlement agreement, Plaintiffs' counsel sent notice of the settlement to Plaintiffs, including a copy of the agreement, an estimate of each Plaintiff's individual recovery, and an explanation of their right to object or opt out of the settlement. *Id.* at 18. None of the Plaintiffs opted out of the settlement at the end of the 10-day notice period. *Id.* So, this factor is satisfied.

The final factor is also met here. This factor requires the court to consider "the uncertainty and risks involved in litigation and in light of the strength of the claims and possible defenses." *Roldan, et al. v. Bland Landscaping Co., Inc.*, No. 3:20-cv-00276-KDB-DSC, 2022 WL 17824035, at *4 (W.D.N.C. Dec. 19, 2022). And in "complex, multi-year class actions, the risks inherent in the litigation are immense." *Lewis v. Precision Concepts Grp. LLC, No. 1:18CV64, 2021 WL 7185505 (M.D.N.C. Mar. 23, 2021)*. Here, Plaintiffs' recovery is less than the damages they claim. [ECF No. 103-2 ¶¶ 31, 36–37.] We nevertheless conclude the settlement is fair and reasonable. Plaintiffs note the prospect of receiving a fair and reasonable settlement *now* is preferable to "enduring the long, arduous, and risky prospect of uncertain recovery," which, if it occurred, would only be possible after the parties engage in further discovery, dispositive motions practice, a complex trial, and "likely" appeals. [ECF No. 103-1 at 19.] And, given the vigorous disagreement between the parties as to liability, there are several possible outcomes where Plaintiffs would not recover *any* back wages. *See id.* at 20–21. The parties "hotly" contest many issues in this case: whether Burton and Seibels' alleged FLSA violations were "willful," whether

4

Burton and Seibel are joint employers under the FLSA, the number of hours Plaintiffs worked, whether an administrative exemption applies, and whether Burton and Seibels acted in good faith. [ECF No. 103-2 ¶¶ 31-34.]  If Plaintiffs do not establish Burton and Seibels' FLSA violations were willful, only four Plaintiffs would recover *any* back wages.  *Id.* ¶ 33.  And those four Plaintiffs would still not recover 42% of their total work weeks because they fall outside the statute of limitations.  *Id.*  Thus, the settlement accounts for the substantial risks Plaintiffs face in continuing to litigate their claims.  Finally, the settlement agreement between the parties uses a uniform formula to determine each Plaintiff's individual recovery.  [ECF No. 103-1 at 21.] Having considered the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, and for the reasons articulated above, the court finds that the settlement is fair and reasonable.

The court also finds the service payments to Ferguson are fair and reasonable.  The purpose of these service payments is to reimburse and compensate Ferguson for their time and efforts expended on behalf of the members of the collective action.  *See Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 576 (D.S.C. 2015).  The court finds Ferguson expended great time and effort to assist in the litigation of this case, including providing Plaintiffs' counsel with relevant documents, responding to interrogatories and requests for production, and communicating with other Plaintiffs regarding the status of the case, to name just a few tasks she undertook. Accordingly, the service payment of $2,000.00 to Ferguson is granted.

Finally, the court must also consider the reasonableness of the request for attorneys' fees. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a written

settlement agreement."). District courts in the Fourth Circuit consider 12 factors to determine the

fairness and reasonableness of a proposed fee:

> (1) the time and labor expended; (2) the novelty and difficulty of
> the questions raised; (3) the skill required to properly perform the
> legal services rendered; (4) the attorney's opportunity cost in
> pressing the instant litigation; (5) the customary fee for like work;
> (6) the attorney's expectations at the outset of the litigation; (7) the
> time limitations imposed by the client or circumstances; (8) the
> amount in controversy and the results obtained; (9) the experience,
> reputation and ability of the attorney; (10) the undesirability of the
> case within the legal community in which the suit arose; (11) the
> nature and length of the professional relationship between attorney
> and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (citing *Barber v.*

*Kimbrell's, Inc.*, 577 F.2d 216, 266 n. 28 (4th Cir. 1978)). Considering the twelve factors as

outlined in the supplemental memorandum on attorneys' fees, the court finds the proposed

attorneys' fees and costs request of $171,000.00 to be fair and reasonable.

The court emphasizes the experience, reputation, and ability of the attorneys, and the

attorneys' fees awards in similar cases. Over the course of one year of pre-litigation settlement

discussions and two years of litigation, Plaintiffs' counsel expended around 526 attorney hours

and 259 paralegal, support staff, and clerical hours. When these hours are multiplied by Plaintiffs'

counsels' regular hourly rates, the lodestar amount comes to $400,000.00. The requested fee

award of $171,000.00 is more than 50% lower than the lodestar number. *See Irvine*, 204 F. Supp.

3d at 850 (finding proposed fees "less than the lodestar number … to be reasonable"); *Weckesser*

*v. Knight Enters. S.E.*, 402 F. Supp. 3d 302, 308 (D.S.C. 2019) (comparing fee request to lodestar

to determine reasonableness).

We also emphasize the eighth factor, the amount in controversy and the results obtained.

Plaintiffs here will not recover their full damages. [*See* ECF No. 103-2 ¶¶ 36, 37.] But

"[s]ettlements rarely result in full recovery, and by settling the individual class members gain the certainty of payment over the uncertainty inherent in further litigation." *Reynolds v. Fidelity Investments Institutional Operations Co., Inc.*, No. 1:18-cv-423, 2020 WL 92092, at *3 (M.D.N.C. Jan. 8, 2020). As discussed above, Plaintiffs face significant risk in pressing their claims further, as the parties vigorously dispute many legal and factual issues. And no Plaintiff opted out of the settlement or otherwise objected to the attorneys' fee allocation as outlined in the settlement agreement. The lack of objections "also supports the reasonableness of the fee." *Id.* Finally, Plaintiffs' counsel does not seek to recover their full amount of fees—the requested $171,000 is less than half of the lodestar amount. So, we conclude this factor also supports awarding Plaintiffs' counsel their requested fees.

For these reasons, the court finds that the proposed attorneys' fees request is reasonable.

## CONCLUSION

For these reasons, the court **GRANTS** the Parties' Joint Motion for Settlement Approval, ECF No. 103, including the Gross Settlement Amount of $225,000.00, because the settlement is fair, reasonable, adequate, in good faith and in the best interests of the Plaintiffs, as a whole, and orders the parties to carry out the provisions of the settlement agreement; **APPROVES** the Net Settlement Amount of $54,000.00, less the service payment, to be distributed to the Plaintiffs based on Plaintiffs' counsels' allocation; **APPROVES** the service payment of $2,000.00 to Ferguson; **APPROVES** attorneys' fees and costs of $171,000.00 to be paid to Plaintiffs' counsel, and finds that the fees and costs are fair and reasonable; **APPROVES** the release of claims as provided for in the Parties' settlement agreement; **DISMISSES** the entire lawsuit with prejudice as to the settling plaintiffs; and **RETAINS** jurisdiction over this action to enforce the settlement agreement.

**IT IS SO ORDERED.**

October 11, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge